1

2

3

4

5

6

7    **IN THE UNITED STATES DISTRICT COURT**

8    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   FRANK LEE DEARWESTER,                          No. 2:13-cv-1250-CMK-P

11            Plaintiff,

12        vs.                                        <u>ORDER</u>

13   EDMUND G. BROWN, JR., et al.

14            Defendants.

15   _____/

16            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

17   U.S.C. § 1983.  Plaintiff seeks the appointment of counsel.  The United States Supreme Court

18   has ruled that district courts lack authority to require counsel to represent indigent prisoners in

19   § 1983 cases.  <u>See</u> <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In certain

20   exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

21   28 U.S.C. § 1915(e)(1).  <u>See</u> <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v.</u>

22   <u>Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional

23   circumstances" requires an evaluation of both the likelihood of success on the merits and the

24   ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

25   issues involved.  <u>See</u> <u>Terrell</u>, 935 F.2d at 1017.  Neither factor is dispositive and both must be

26   viewed together before reaching a decision.  <u>See</u> <u>id.</u>

1

1    In the present case, the court does not at this time find the required exceptional

2 circumstances.  Plaintiff has demonstrated sufficient writing ability and legal knowledge to

3 articulate his claim.  Plaintiff is challenging the constitutionality of a California statute, and

4 appears sufficiently capable of articulating the issue, which does not appear to be overly

5 complex.  In his motion, plaintiff states that he has limited legal knowledge, that his incarceration

6 will hinder his ability to litigate this case, and he cannot afford counsel.  The court finds the

7 limitations insufficient to meet the "exceptional circumstances" requirement or establish that

8 plaintiff cannot articulate his claims without counsel.  In addition, given the facts as alleged in

9 the complaint, it does not appear likely at this stage of the proceedings, that plaintiff will

10 succeed on the merits.

11    Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the

12 appointment of counsel (Doc. 12) is denied.

13

14  DATED:  April 2, 2015

15

16  CRAIG M. KELLISON
   UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26