IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER, | No. 2:13-cv-1250-TLN-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATION |
| EDMUND G. BROWN, JR., et al. | |
|     Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's unopposed motion to dismiss (Doc. 18).

**I. BACKGROUND**

Plaintiff brings this action against the Governor of California. He is challenging the constitutionality of two California Penal Codes. His complaint contains a brief statement of claim as follows:

> Penal Code Sections 633 and 633.5 give law enforcement officers and any other persons the ability to bypass or circumvent U.S. Constitutional safeguards to a citizen's right to privacy (U.S. Const. Amend. 4). These sections also circumvent wiretapping protections, regulations, and procedures defined in Omnibus Crime Control and Safe Streets Act of 1968 (18 U.S.C.S. §§ 2510-2520). Police utilize P.C. §§633, 633.5 as their first and primary method of evidence collection, without judicial authority and instead of traditional investigative techniques. This method also frees the

officer to engineer the content to generate the resulting evidence
that he seeks.  Prosecution/court proceedings become a sham.
(Compl., Doc. 1 at 3).

**II.  MOTION TO DISMISS**

Defendant brings this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (b)(6) for lack of jurisdiction and failure to state a claim.  First, defendant contends this court lacks jurisdiction as plaintiff does not have standing to challenge the state statute he is attempting to challenge.  Second, defendant argues that plaintiff's complaint is insufficient as it fails to state any facts.  Third, the motion challenges that the complaint fails to allege facts showing the defendant's personal involvement.  Third, defendant contends plaintiff failed to exhaust his administrative remedies.  Fourth, defendant argues plaintiff is attempting to challenge his underlying conviction through a § 1983 claim.  Finally, defendant claims he is entitled to qualified immunity.

A.  Standards

Rule 12(b) (1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal on the grounds that the court lacks jurisdiction over the subject matter.  See Fed. R. Civ. P. 12(b)(1).  Plaintiff has the burden to establish that the court has subject-matter jurisdiction over an action.  Assoc. of Med. Colls. v. United States, 217 F.3d 770, 778–779 (9th Cir.2000).  "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for

2

Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir.2004).  When a defendant files a facial challenge to jurisdiction,  all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  See  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.2004); see also  Meyer, 373 F.3d at 1039.  When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Meyer, 373 F.3d at 1039.  The court need not presume the truthfulness of the plaintiff's allegations under a factual attack.  See id.

Rule 12(b)(6) provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 662, 544, 555-57 (2007).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

3

documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Generally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### B.  Discussion

#### 1.  Standing

Defendants first contend plaintiff lacks standing to bring this action. Specifically, they argue plaintiff fails to allege any injury, thus the court lacks jurisdiction. This is a facial attack on the pleading under Rule 12(b)(1), thus the allegations alleged are taken as true.

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc., v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)).

The undersigned agrees with defendant's contention. While the complaint implies plaintiff has suffered to some extent by the enforcement of the statutes he is challenging, he fails to actually plead any specific injury. As plaintiff has not filed an opposition to the motion to dismiss, he has failed to cure this defect with any further explanation. Therefore, the undersigned will recommend the complaint be dismissed for lack of jurisdiction.

/ / /

### 2. Fails to State Facts

Next, defendant argues that the complaint fails to allege any facts to support a claim for relief. In addition, the lack of factual allegations includes plaintiff's failure to allege sufficient facts as to defendant's personal involvement.

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

Here, plaintiff fails to allege any overt acts, or any facts at all setting forth what has been done. Just as the lack of factual allegations as to any injury divests this court of jurisdiction, it similarly fails to meet the pleading standards of Rule 8. Plaintiff is required to set forth sufficient facts to give the defendant notice of what his claim is. Here, plaintiff simply argues that the statutes are unconstitutional. He provides no facts as to how he was impacted by the statutes. He also fails to allege how defendant Brown is the proper defendant to this action. As there are no factual allegations setting forth defendant Brown's involvement or liability, the complaint is insufficient.

To the extent defendant contends he cannot be held liable as a supervisor, he is correct. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on

knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 129 S.Ct. at 1948.

### 3. Administrative Remedies

Defendant also contends this action should be dismissed as plaintiff failed to exhaust his administrative remedies.

Defendant is correct that prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act (PLRA) sates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.

See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). However, plaintiff alleges in his complaint that while there is a grievance procedure available at his institution, he contends filing such a grievance would be futile as the prison has no control over the Penal Code.

The Ninth Circuit has determined that a motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. See Albino v. Baca, 747 F.3d 1162, 1166 (9th cir. 2014). In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden. See id. at 1169.

Here, the undersigned finds it is not clear, on a motion to dismiss, whether plaintiff was required to exhaust his administrative remedies prior to filing this case. As there are other grounds on which the motion to dismiss will be granted, the undersigned will deny the motion on this ground, but without prejudice to raise this issue again if plaintiff successfully files an amended complaint that otherwise is sufficient.

### 4. Challenge to Conviction

Next, defendant argues that this case is an improper challenge to plaintiff's underlying conviction. The court agrees with defendant's contention that a § 1983 action cannot challenge an underlying conviction.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

underlying conviction or sentence, or the result of a prison disciplinary hearing resulting in imposition of a sanction affecting the overall length of confinement, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

To the extent plaintiff's action here is an attempt to challenge his conviction, such a challenge would not be cognizable.  However, there is no indication in the complaint that plaintiff was convicted of any charges related to the statute he challenges.  If plaintiff alleges as much in any amended complaint he files, defendant may raise this as grounds for dismissal again.  However, based on the information before the court at this time, the motion should be denied without prejudice on this ground.

        5.  Qualified Immunity

Finally, defendant contends he is entitled to qualified immunity to the extent plaintiff seeks damages.  However, it appears from the complaint that plaintiff seeks only injunctive relief, not monetary damages, from defendant Brown.  He has requested the State of California and the People to be allowed to reimburse those injured, but neither the State nor the

People are parties to this action. The undersigned does not find qualified immunity to be relevant for this determination.

In addition, defendant argues that the Eleventh Amendment precludes plaintiff from seeking damages from defendant in his official capacity. The undersigned agrees. The Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). However, as stated above, the complaint does not ask for damages from defendant Brown. If it did, those would be precluded to the extent defendant Brown is named in his official capacity.

### III. CONCLUSION

Based on the foregoing discussion, the undersigned finds that plaintiff's complaint fails to establish this court has subject-matter jurisdiction, as he fails to allege any actual injury in his complaint. In addition, the undersigned finds the complaint lacks sufficient factual allegations to meet the pleading requirements of Rule 8, setting forth the liability of defendant Brown. There is insufficient information before the court to find the other defects defendant raises are terminal to plaintiff's action. If, upon review of any amended complaint plaintiff may file, defendant determines the same defects are in the amended complaint, defendant may file a new motion to dismiss challenging those defects. However, the undersigned finds the defects in the complaint addressed herein are subject to cure, and plaintiff should be given leave to file an amended complaint. It remains plaintiff's burden to establish the court has jurisdiction over this action and that defendant Brown is the proper defendant.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th

Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Accordingly, it is hereby recommended that:

1. Defendant's motion to dismiss (Doc. 18) be granted;

2. Plaintiff's complaint be dismissed, but he be given leave to file an amend complaint; and

3. Plaintiff be required to file an amended complaint which complies with the findings set forth above within 30 days of these findings and recommendations being adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE